JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-5710 PA (DFMx) | Date | June 29, 2020 |
|---|---|---|---|
| Title | Deutsche Bank Nat'l Trust Co. v. Rose Sickle | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Rose Sickle ("Defendant"). Defendant is attempting to remove an action commenced by plaintiff Deutsche Bank National Trust Company ("Plaintiff") in Los Angeles Superior Court on June 10, 2019.  Plaintiff's Complaint asserts a single cause of action for unlawful detainer.  By citing to 28 U.S.C. §§ 157, 1334, and 1452, and alleging that this action is a "core proceeding," Defendant appears to allege that this Court has subject matter jurisdiction on the basis the Court's bankruptcy jurisdiction.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

28 U.S.C. § 1452(a) allows a party to "remove any claim or cause of action in a civil action to the district court for the district where such action is pending" if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334.  Section 1334(b) invests district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11."  Once a claim is removed pursuant to 28 U.S.C. § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground."  28 U.S.C. § 1452(b).  An order remanding an action pursuant to § 1452(b) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 [of Title 28] of by the Supreme Court."  Id.  Section 1452(b)'s "'any equitable ground' remand standard is an unusually broad grant of authority.  It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes. . . .  At bottom, the question is committed to the sound discretion of the . . . judge."  McCarthy v. Prince, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-5710 PA (DFMx) | Date | June 29, 2020 |
|----------|----------------------|------|----------------|
| Title | Deutsche Bank Nat'l Trust Co. v. Rose Sickle | | |

In assessing whether "equitable grounds" exist to remand actions removed under § 1452, courts have looked to a number of factors:

> These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

In re TIG Ins. Co., 264 B.R. 661, 665-66 (Bankr. S.D. Cal. 2001); see also McCarthy, 230 B.R. at 418 ("State courts are, by definition, fully competent to resolve disputes governed by state law.").

Here, there is nothing from the face of Plaintiff's unlawful detainer Complaint to confer bankruptcy removal jurisdiction under 28 U.S.C. § 1452(a), and thus removal on this ground was improper. A review of the docket for the United States Bankruptcy Court for the Central District of California indicates that Defendant has filed two bankruptcy petitions in Case Nos. 2:20-bk-11901-WB and 2:20-bk-12843-WB. The first of those bankruptcy proceedings was dismissed on March 10, 2020, and the bankruptcy case closed on March 12, 2020. The second of Defendant's bankruptcy proceeding was dismissed on April 2, 2020, and the bankruptcy case closed on April 17, 2020. Both of Defendant's bankruptcy proceedings were dismissed because Defendant failed to file schedules, statements, and a plan. Defendant has no bankruptcy proceeding pending in the Central District. This unlawful detainer proceeding therefore does not appear to have any bearing on any pending bankruptcy case and is entirely a creature of state law over which the state courts are competent to preside in the interests of judicial economy, comity, and respect for state law decision-making.

Moreover, this is the second time that Defendant has sought to remove the same unlawful detainer action to this Court. The Court previously remanded Case No. CV 19-8963 PA (MRWx), on October 23, 2019, for lack of subject matter jurisdiction.

There is no pending bankruptcy proceeding involving Defendant. Defendant has not met her burden to establish a sufficient basis for this Court's subject matter jurisdiction. Additionally, the Court concludes that equitable grounds support remand. See § 1452(b). For all of the foregoing reasons, this action is hereby remanded to the Los Angeles Superior Court,

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-5710 PA (DFMx) | Date | June 29, 2020 |
|---|---|---|---|
| Title | Deutsche Bank Nat'l Trust Co. v. Rose Sickle | | |

Northt District, Case No. 19AVUD00757.  <u>See</u> 28 U.S.C. §§ 1447(c) & 1452(b).  Defendant's
Application to Proceed in District Court without Prepaying Fees or Costs (Docket No. 3) is
denied as moot.

   IT IS SO ORDERED.